IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES HENRY CASTILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 115-134 |
| | ) | (Formerly CR 114-059 & CR 113-199) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner brought the above-captioned case pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. Because it appeared he was challenging convictions in two separate criminal cases[1], the Court ordered Petitioner to refile his motion and specify which conviction he was challenging. (Doc. no. 5.) The Court explained Petitioner cannot challenge both convictions in one § 2255 motion. (Id.) Petitioner refiled his motion challenging only his conviction in CR 114-059. (Doc. no. 9.) Upon initial review of the refiled motion, this Court recommended dismissal because Petitioner's claim for relief lacked merit. (Doc. no. 14.) Because the Court did not address Petitioner's abandoned § 2255 motion in CR 113-199, the Court has vacated the original R&R in a contemporaneous filing and replaces it with this R&R.

The Court **REPORT** and **RECOMMENDS** that Petitioner's § 2255 motion to vacate

---

[1] United States v. Castillo, 1:14-cr-059 (S.D. Ga. May 7, 2014) ("CR 114-059") and United States v. Castillo, 1:13-cr-199 (S.D. Ga. Mar. 6, 2013) ("CR 113-199")

in CR 113-199 be **DISMISSED** without prejudice (CR 113-199, doc. no. 226) because Petitioner's refiled motion clarifies he is only seeking to challenge his conviction in CR 114-059, and Petitioner must use separate motions for separate judgments. Rule 2(d) of the Rules Governing Section 2255 Proceedings in the United States District Courts. Thus, Petitioner's operative motion to vacate is the amended motion challenging his conviction in CR 114-059. If Petitioner wishes to challenge his underlying conviction in CR 113-199 he must file a new motion for relief in CR 113-199, which would result in assignment of a new civil action number.

Reviewing Petitioner's amended motion challenging his conviction in CR 114-059 as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court **REPORTS** and **RECOMMENDS** Petitioner's § 2255 motion be **DISMISSED** and this civil action be **CLOSED**. (Doc. no. 9.)

## I. BACKGROUND

On May 7, 2014, a grand jury in the Southern District of Georgia charged Petitioner with kidnapping, in violation of 18 U.S.C. § 201(a)(5) (Counts 1-3); assault, in violation of 18 U.S.C. § 111(b) (Counts 4-6); and attempted escape, in violation of 18 U.S.C. § 751 (Count 7). United States v. Castillo, CR 114-059, doc. no. 1, (S.D. Ga. May 7, 2014) (hereinafter "CR 114-059"). On September 9, 2014, Petitioner pleaded guilty to one count of assault in violation of 18 U.S.C. §111(b), and the government agreed to dismiss the remaining counts. (Id., doc. nos. 40, 44.)

By pleading guilty, Petitioner agreed to the accuracy of the facts below, and agreed the facts satisfied the elements of the charged offense:

> On or about March 25, 2014, in Lincoln County, within the Southern District of Georgia, the Defendant, Charles Henry Castillo, willfully did forcibly assault, oppose, and impede Officer Otis Strong, a person then assisting an employee of the Department of Justice in the execution of his duties, that is assisting in the housing of one or more federal prisoners at the Lincoln County Jail, and Defendant, while using a deadly and dangerous weapon, engaged in acts involving physical contact with Officer Strong while Officer Strong was engaged in the performance of his official duties, in violation of Title 18, United States code, Section 111(b).
>
> The elements necessary to prove the offense . . . are (1) the Defendant "forcibly assaulted" the person described in the indictment; (2) the person assaulted was then assisting an employee of the Department of Justice in the execution of his duties and performing an official duty; and (3) the Defendant used a deadly or dangerous weapon.

(Id., doc. no. 40, pp. 1-2, 8.)

The Presentence Investigation Report ("PSI") recommended a sentence between 100 and 125 months, and reported the statutory maximum to be twenty years. (PSI ¶¶ 70-71.) On October 30, 2014, United States District Judge Dudley H. Bowen, Jr. sentenced Petitioner to a 100 month term of imprisonment, three years of supervised release, and a $100.00 special assessment. (CR 114-059, doc. no. 44.) Petitioner did not appeal his conviction or sentence in accordance with the appeal waiver in his plea agreement. (Id., doc. no. 40.)

Petitioner filed the instant motion raising one ground for relief, that his counsel was "ineffective in ushering Petitioner into [the] plea agreement . . . in which he did not meet elements. [Aggravated] assault in this instant case was improper. The officer's [sic] in the county jail were not working in a federal capacity." (Doc. no. 9, p. 5.) Petitioner asks that his sentence be vacated and requests an evidentiary hearing. (Id. at 13.)

## II. DISCUSSION

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a § 2255 motion must be dismissed "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, dismissal is warranted because Petitioner's ineffective assistance claim plainly lacks merit.

### A. Petitioner Is Not Entitled to Relief on His Ineffective Assistance of Counsel Claim.

Petitioner asserts counsel was ineffective for advising him to accept the plea agreement even though his conduct did not satisfy the elements of the underlying offense because the officer he assaulted was not working in a federal capacity. (Doc. no. 9, p. 5.) As discussed *infra*, Petitioner's ineffective assistance claim forms no basis for relief because the stipulated facts concerning Petitioner's assault of Officer Strong plainly satisfies the elements of 18 U.S.C. §§ 111. Accordingly, Petitioner cannot show his counsel's performance was deficient under Strickland v. Washington, 466 U.S. 668 (1984).

#### 1. Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland. 466 U.S. at 688; See Massaro v. United States, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference

to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding

is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

### 2. Petitioner Cannot Demonstrate His Counsel's Performance Was Deficient Under Strickland.

It is a violation of 18 U.S.C. § 111 to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. 18 U.S.C. § 1114 protects officers and employees of the United States, and also protects any person assisting officers or employees of the United States in the performance of their official duties. "The contention that . . . 18 U.S.C. § 1114 . . . is limited to persons directly employed by the United States itself is wholly without merit." United States v. Schaffer, 664 F.2d 824, 825 (11th Cir. 1981) (citing United States v. Williamson, 482 F.2d 508, 512 (5th Cir. 1973)). An individual employed to

assist with the security of federal prisoners is an employee within the meaning of § 111 and § 1114.  Id.

Here, Petitioner agreed to facts at his change of plea that completely foreclose his current petition.  Indeed, Petitioner agreed he assaulted Officer Strong with a deadly weapon, while Officer Strong was assisting an employee of the Department of Justice with the housing of federal inmates at the Lincoln County Jail.  (CR 114-059, doc. no. 1, p. 2.)  Accordingly, Petitioner's argument that he did not meet the elements of the underlying offense because the officer he assaulted was not working in a federal capacity is without merit.  See Schaffer, 664 F.2d at 825.  Petitioner has plainly satisfied the elements needed for assault under 18 U.S.C. § 111(b), and his counsel's performance was not deficient.  See Strickland, 466 U.S. at 688.

In sum, Petitioner is plainly not entitled to relief and the instant motion should therefore be **DISMISSED**.  See Rule 4(b) of the Rules Governing Section 2255 Proceedings.  Because Petitioner's motion is without merit, he is also not entitled to an evidentiary hearing.  See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011) ("[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing."); Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (§ 2255 petitioner is entitled to a hearing only if he alleges facts that would entitle him to relief).

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that

Petitioner's § 2255 motion in CV 115-134 and CR 114-059 be **DISMISSED,** Petitioner's § 2255 motion to vacate in CR 113-199 be **DISMISSED** without prejudice, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 25th day of May, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA