FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2016 OCT 27 PM 2:14
CLERK _CAdams_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

CHARLES HENRY CASTILLO, )
)
    Petitioner, )
)
v. ) CV 115-134
) (Formerly CR 114-059 & CR 113-199)
UNITED STATES OF AMERICA, )
)
    Respondent. )

# ORDER

After a careful, *de novo* review of the file, the Court concurs in part with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 34.) For the reasons stated below, the Court **DENIES** Petitioner's motions for docket sheets, to correct an error in his name, and for the status of his § 2255 motions (doc. nos. 31, 33, 37, 38, 39), **DIRECTS THE CLERK** to docket Petitioner's amended 28 U.S.C. § 2255 motion challenging his conviction in CR 113-199 (doc. no. 36) in a new civil case with a *nunc pro tunc* filing date of November 5, 2015, **GRANTS IN PART** Petitioner's motion to amend his § 2255 motion challenging his conviction in CR 114-059 as to claim one only (doc. no. 35), **ADOPTS** the findings of the Magistrate Judge recommending Petitioner's § 2255 motion challenging his conviction in CR 114-059 be dismissed, and **DISMISSES** the motion without an evidentiary hearing.

I.    **PROCEDURAL BACKGROUND**

Petitioner moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his

sentence. Because Petitioner was challenging convictions in two separate criminal cases,[1] the Magistrate Judge ordered Petitioner to amend his motion and specify which conviction he was challenging, informing Petitioner he could not challenge more than one criminal case in a single § 2255 motion. (Doc. no. 5.) On November 5, 2015, Petitioner amended his motion, challenging only his conviction in CR 114-059.[2] (Doc. no. 9.) The Magistrate Judge recommended dismissal of the amended motion because Petitioner's sole claim for relief lacked merit. (Doc. no. 14.) The Magistrate Judge also recommended dismissal without prejudice of the original, abandoned motion with respect to CR 113-199. (Doc. no. 27.)

Petitioner now claims in objections that he submitted amended motions in both CR 113-199 and in CR 114-059 which were never received by the Court. (Doc. no. 34.) In CR 113-199, Petitioner claims to have mailed the Court an amended motion in November 2015, around the time the Court received his amended motion in CR 114-059, on November 5, 2015. In CR 114-059, Petitioner claims he only submitted his initial motion to meet AEDPA's one year deadline. He claims to have filed two amended motions in CR 114-059 to add new claims in February and March 2016. The Court did not receive these filings. Petitioner attaches two amended § 2255 motions to his objections, one challenging the judgment in CR 113-199 and the other challenging the judgment in CR 114-059. (Doc. nos. 35, 36.) Petitioner signed these motions on July 25, 2016.

---

[1] United States v. Castillo, 1:14-cr-059 (S.D. Ga. May 7, 2014) ("CR 114-059") and United States v. Castillo, 1:13-cr-199 (S.D. Ga. Mar. 6, 2013) ("CR 113-199").

[2] The Clerk docketed the re-filed motion on November 12, 2015. However, the motion was unsigned and undated (doc. no. 10), and the Court will use November 5, 2015, the date of mailing, as the filing date.

2

## II. DISCUSSION

### A. Petitioner's Motions for Docket Sheets, Motion to Correct Error in Name, and Motions for the Status of His § 2255 Motions

Petitioner asks for copies of docket sheets of his codefendants and requests the Court take the funds from his prison account. (Doc. nos. 31, 37.) In order to obtain copies of court records, Petitioner must make a request directly to the Clerk of Court and make arrangements to pay the required fee of $0.50 per page. Petitioner cannot obtain copies by filing a motion with the Court, nor can the Court debit money from his prison account. Accordingly the Court **DENIES** Petitioner's motions for docket sheets. (Doc. nos. 31, 37.) Petitioner also has filed a motion to change his name from "Charlie" to "Charles." (Doc. no. 33.) The Court **DENIES AS MOOT** the motion because Petitioner is listed as "Charles" in all court-related filings and on the docket. The Court **DENIES AS MOOT** Petitioner's motions seeking the status of his § 2255 motions. (Doc. nos. 38, 39.)

### B. Petitioner's Amended Motion in CR 113-199

Petitioner claims to have mailed his amended § 2255 motion challenging his conviction in CR 113-199 in November 2015 by certified mail. (See doc. nos. 34, 29, 36.) However, the Court did not receive an amended motion in CR 113-199 until Petitioner filed his objections to the R&R in August 2016. (See doc. no. 27.) Petitioner signed the amended motion in CR 113-199 on July 25, 2016. (See doc. no. 36.) Out of an abundance of caution, the Court declines to adopt the portion of the Magistrate Judge's R&R recommending dismissal without prejudice of Petitioner's § 2255 motion in CR 113-199. Accordingly, the Court **DIRECTS** the Clerk to docket Petitioner's amended § 2255 motion (doc. no. 36) in a

3

new civil case with a *nunc pro tunc* filing date of November 5, 2015, the date he mailed the amended motion in CR 114-059 and claims he also mailed the motion in CR 113-199 which the Court never received. The Magistrate Judge shall screen the motion opened in the new civil case.

### C. Petitioner's Motion to Amend in CR 114-059.

On November 3, 2014, this Court sentenced Petitioner to 100 months imprisonment to be served consecutive to his sentence in CR 113-199, after Petitioner pled guilty to assault in violation of 18 U.S.C. § 111(b). (CR 114-059, doc. no. 44.) On November 5, 2015, Petitioner refiled his § 2255 motion challenging his conviction in CR 114-059, alleging a single ground for relief, that "counsel was ineffective in ushering Petitioner into plea agreement in which [he] did not meet the elements . . . the officer's [sic] in the county jail were not working in a federal capacity." (Doc. no. 9.) The Magistrate Judge recommended Petitioner's motion be dismissed because Petitioner's sole claim for relief lacked merit. (Doc. no. 27, pp. 4-7.)

Petitioner now seeks to amend his motion to raise the following new claims: (1) Officers were not acting within a federal capacity; (2) the Courts did not have Article III subject matter jurisdiction; (3) Petitioner's criminal history was improperly calculated and he was sentenced beyond the maximum statutory limit; (4) Petitioner's religious beliefs continue to be violated while he is incarcerated; (5) Petitioner received ineffective assistance of counsel when counsel advised Petitioner he could not directly appeal his sentence; and (6) Petitioner was housed in an unsafe environment in violation of his Eighth Amendment rights when he was held at Jefferson County Jail. (Doc. no. 35.) Petitioner asserts he attempted to

4

add these claims through filing amended motions in February and March 2016, which the Court has no record of receiving. The Court did receive an amended motion on August 2, 2016, that Petitioner signed on July 25, 2016. (Id. at 26.)

Petitioner's attempts to supplement his original § 2255 motion are unavailing. The threshold issue is one of timeliness. 28 U.S.C. § 2255(f), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions that runs from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner does not allege any facts that would qualify him for a later statute of limitations under § 2255(f)(2), (3), or (4), thus the timeliness of Petitioner's claims is evaluated under §2255(f)(1).

Because Petitioner did not pursue a direct appeal, his judgment of conviction became final on November 17, 2014, fourteen days after entry of judgment on November 3, 2014. See Fed. R. App. P. 4(b)(1). Accordingly, Petitioner had until November 17, 2015 to file his § 2255 motion, and Petitioner timely filed his original motion on August 17, 2015.

5

(Doc. no. 1.) Petitioner then amended the motion by narrowing his challenge to his conviction in CR 114-059 to one ground as stated in the amended motion filed on November 5, 2015. (Doc. no. 9.) Petitioner's motion to amend his § 2255 motion for a second time to add the new grounds was allegedly prepared in February or March 2016, but the Court did not receive such an amended motion until August 2, 2016. That motion bears a signature date of July 25, 2016. (See doc. no. 35, pp. 26, 33.) These additional claims are time-barred unless they relate back to the first amended motion filed on November 5, 2015, or if he is entitled to tolling of the statute of limitations. Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000); United States v. Knight, No. CRIM. 04-0054-WS-M, 2011 WL 4701810, at *3 (S.D. Ala. Oct. 7, 2011).

Here, all but one of Petitioner's claims fails to relate back to his first amended motion, which superseded the original motion. See Calhoun v. Bergh, 769 F.3d 409, 411 (6th Cir. 2014), cert. denied sub nom. Calhoun v. Booker, 135 S. Ct. 1403, 191 L. Ed. 2d 374 (2015) ("An amended complaint supersedes an earlier complaint for all purposes . . . that rule applies in this [§ 2255] case as it does in civil cases generally.") (internal quotations omitted); United States v. Goodwyn, 797 F. Supp. 2d 177, 180 (D. Mass. 2011) ("An amended [§ 2255] pleading normally supersedes the original pleading such that the latter no longer performs any function in the case.") (citing ConnectU LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008)); McIntosh v. United States, No. CIV.A. 10-00152-KD, 2012 WL 2805016, at *2 (S.D. Ala. June 11, 2012), report and recommendation adopted, No. CIV.A. 10-00152-KD, 2012 WL 2803769 (S.D. Ala. July 10, 2012) (cautioning petitioner his refiled motion would supersede the original motion).

6

Under Federal Rule of Civil Procedure 15(c), an amended claim relates back to the date of the original pleading if it "arose out of the conduct, transaction, or occurrence set out or attempted to be set out -- in the original pleading . . . ." Fed. R. Civ. P. 15(c)(1)(B). Rule 15(c) is narrow; it does not contemplate the addition of "an entirely new claim based on a different set of facts." Farris v. United States, 333 F.3d 1211, 1215 (11th Cir. 2003) (citing Pruitt v. United States, 274 F.3d 1315, 1318 (11th Cir. 2001)). Thus, "to relate back, an untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial or sentencing proceeding." Farris, 333 F.3d at 1215 (citing Davenport v. United States, 217 F.3d 1341, 1344 (11th Cir. 2000)). As the Eleventh Circuit has explained:

> The key consideration is that the amended claim arises from the same conduct and occurrences upon which the original claim was based. This may be the case even if one or both claims do not explicitly state supporting facts. When the nature of the amended claim supports specifically the original claim, the facts there alleged implicate the original claim, even if the original claim contained insufficient facts to support it. One purpose of an amended claim is to fill in facts missing from the original claim.

Dean v. United States, 278 F.3d 1218, 1222 (11th Cir. 2002). In other words, at issue here is whether the amended claims are merely an attempt to "flesh out" an original claim, or if the amended claims rely upon different facts.

Petitioner's first amended motion only raised a single claim for relief, that counsel was ineffective for advising him to accept the plea agreement because the officers he assaulted were not working in a federal capacity. (Doc. no. 9, p. 4.) Petitioner's supplemental claims two through six are based on entirely different facts with no relation to the federal capacity issue. Further, the mere fact that Petitioner asserted an ineffective

7

assistance claim in his amended motion does not save the new ineffective assistance claim in claim five because the two claims have no factual relationship. Davenport, 217 F.3d at 1344.

Only Petitioner's first ground in his motion to amend relates back to his first amended motion. In Petitioner's motion to amend, Petitioner re-asserts his claim that the officers he assaulted were not federal employees, as no marshal or federal employee supervised the jail. (Doc. no. 35, p. 10.) The Magistrate Judge thoroughly addressed Petitioner's claim in the R&R, finding Petitioner did not demonstrate ineffective assistance under Strickland because Petitioner admitted to assaulting a correctional officer with a deadly weapon while the officer was assisting an employee of the Department of Justice. (Doc. no. 27, pp. 6-7.) The Magistrate Judge correctly determined Petitioner's argument was meritless because Petitioner had plainly satisfied the elements needed for assault under 18 U.S.C. §111(b). (Id.) Petitioner's new allegations do not change the analysis or the outcome.

Furthermore, Petitioner is not entitled to equitable tolling on the remaining five new grounds that do not relate back. Equitable tolling can be applied to prevent application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The

petitioner bears the burden of proving his entitlement to equitable tolling and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Damren v. Florida, 776 F.3d 816, 822 (11th Cir. 2015).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore, applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown extraordinary circumstances prevented him from timely filing his new claims. Indeed, Petitioner admits he filed a place holder § 2255 motion merely because of the expiring statute of limitations period, and sent amended § 2255

motions in February and March 2016, after his statute of limitations period had expired.[3] (Doc. no. 36, p. 26.) Further, Petitioner has not presented any evidence, much less new evidence, to suggest he did not commit the offense to which he pleaded guilty such that no reasonable juror would have convicted him. Indeed, Petitioner does not assert he did not commit aggravated assault, but only argues that the officers he assaulted were not working in a federal capacity. (Id. at 9.) Thus, neither equitable tolling nor the actual innocence exception applies to toll his one-year statute of limitations.

Accordingly, the Court **GRANTS IN PART** Petitioner's motion to amend as to ground one only, **ADOPTS** the findings of the Magistrate Judge recommending Petitioner's § 2255 motion challenging his conviction in CR 114-059 be dismissed, and **DISMISSES** Petitioner's § 2255 motion challenging his conviction in CR 114-059 without an evidentiary hearing.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner

---

[3] Somewhat confusingly, in Petitioner's timeline he also states the earliest date he filed his motion to amend was January 6, 2016. (Doc. no. 35, p. 31.) Regardless, Petitioner's new claims are still untimely and he cannot rely on his "place holder" motion to eviscerate AEDPA's statute of limitations. See United States v. Hunter, No. CIV. 09-0692-WS, 2010 WL 1994876, at *3 (S.D. Ala. May 18, 2010) ("Indeed, the strict AEDPA limitations period would be rendered illusory if a petitioner . . . could circumvent it at will by filing a timely . . . "place holder" § 2255 petition . . . then avail himself of relation back principles to fill in those claims . . . after the one-year limitations period expires.") see also Payne v. United States, No. 8:05CV273T27MSS, 2007 WL 496608, at *5 (M.D. Fla. Feb. 12, 2007).

makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA.[4] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** the civil action and **ENTERS** a final judgment in favor of Respondent. The Court **DIRECTS** the **CLERK** to docket Petitioner's amended § 2255 motion (doc. no. 36) as to CR 113-199 in a new civil case with a *nunc pro tunc* filing date of November 5, 2015.

SO ORDERED this 27th day of October, 2016, at Augusta, Georgia.

*[signature]*
UNITED STATES DISTRICT JUDGE

---

[4] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.