IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHARLES HENRY CASTILLO, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-189 |
| | ) | (Formerly CR 113-199) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Petitioner, an inmate at the Federal Correctional Institution in Yazoo City, Mississippi, filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.    **BACKGROUND**

A.    **Indictment**

On November 6, 2013, by way of superseding indictment, a grand jury in the Southern District of Georgia charged Petitioner with conspiracy to engage in sex trafficking of a minor, in violation of 18 U.S.C. § 1594(c) (Count Three), sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and 1591(b)(2) (Counts Four, Five, and Six), and obstruction of the enforcement of a sex trafficking offense, in violation of 18 U.S.C. § 1591(d) (Count Seven). United States v. Castillo, CR 113-199, doc. no. 54 (S.D. Ga. Nov. 6,

2013) ("CR 113-199").  Attorney Michael C. Garrett was appointed to represent Petitioner.

(Id., doc. no. 11.)

### B.    Agreement to Plead Guilty

On January 13, 2014, Petitioner pleaded guilty to Count Three, and the government

agreed to dismiss the remaining counts.  (Id., doc. no. 154.)  The plea agreement contained

an appeal and collateral attack waiver as follows:

> Defendant entirely waives his right to a direct appeal of his conviction and
> sentence on any ground.  The only exceptions are that the Defendant may file
> a direct appeal of his sentence if (1) the court enters a sentence above the
> statutory maximum, (2) the court enters a sentence above the advisory
> Sentencing Guidelines range found to apply by the court at sentencing; or (3)
> the Government appeals the sentence.  Absent these exceptions, Defendant
> explicitly and irrevocably instructs his attorney not to file an appeal.
> Defendant entirely waives his right to collaterally attack his conviction and
> sentence on any ground and by any method, including but not limited to a 28
> U.S.C. § 2255 motion.

(Id. at 6.)

In addition, the plea agreement contained a provision wherein Petitioner agreed he

had the benefit of legal counsel, believed his attorney represented him faithfully, skillfully,

and diligently, and confirmed his complete satisfaction with the legal advice and work

performed by his attorney.  (Id. at 8.)  By signing the plea agreement, Petitioner agreed he

had "read and carefully reviewed [the] agreement with [his] attorney . . . under[stood] each

provision of the agreement, and voluntarily agree[d] to it."  (Id. at 10.)

### C.    Change of Plea Hearing

During the change of plea hearing, the Honorable Dudley H. Bowen, Jr., established

Petitioner's competence to enter a guilty plea if he desired.  (Id., doc. no. 191, p. 9.)

Petitioner also testified under oath he had adequate time to discuss his case with his attorney

2

and was "100 percent" satisfied with the services rendered by Mr. Garrett.  (Id.)  Next, Judge

Bowen asked if Petitioner understood the charges and the maximum penalties as announced

by the Assistant United States Attorney.  (Id. at 11-13.)  Petitioner confirmed he understood

the charges and the maximum possible penalties, which included up to life in prison.  (Id. at

13.)  Judge Bowen also explained the rights Petitioner would be waiving by pleading guilty,

and Petitioner affirmed he clearly understood those rights.  (Id. at 15.)

Among the rights explained, Judge Bowen reviewed the right to trial by jury, the

presumption of innocence, the government's burden to prove guilt beyond a reasonable

doubt, the right to be present physically in the courtroom at all phases of the trial,  the right

to present and cross-examine witnesses, and the right to remain silent.  (Id. at 14.)  Petitioner

affirmed he understood he was waiving those rights.  (Id.)  Petitioner affirmed no one had

forced, threatened, or pressured him to plead guilty, (id. at 15) nor had anyone guaranteed,

predicted, or prophesied Petitioner would receive a specific sentence.  (Id. at 19.)  Petitioner

also affirmed no one had given him any promise, hope of benefit, or other reward in order to

convince him to plead guilty aside from what was in the plea agreement.  (Id. at 18-19.)

In addition, Judge Bowen reviewed the collateral attack waiver provision in

Petitioner's plea agreement, informing Petitioner he had "agreed to waive completely and

entirely any right to make a collateral attack or habeas corpus petition against the fact of

conviction," and that Petitioner could "never contest guilt or innocence again in this case."

(Id. at 17.)  Petitioner confirmed he understood.  (Id. at 18.)

Judge Bowen reviewed the charges and heard the factual basis for Petitioner's guilty

plea from FBI Special Agent Charles Edward McKee, III.  (Id. at 19.)  SA McKee testified

that on August 26, 2013, he received a tip from the National Center for Missing and

Exploited Children (NCMEC) that a minor was being offered for prostitution on the website www.Backpage.com. (Id. at 20.)  Undercover law enforcement contacted the advertiser and arranged a meeting. (Id.)  Upon arriving at the meeting location, law enforcement found a sixteen-year-old minor who was offered for prostitution services. (Id.)

SA McKee testified Petitioner was responsible for posting the advertisement, listed his phone number in the advertisement, and sent text messages to the undercover operative to arrange the meeting. (Id. at 21.)  Petitioner also developed a script for the minor to use when dealing with clients in order to engage in sexual activity. (Id. at 22-23.)  SA McKee further testified Petitioner was the manager of the operation, prostituted the minor from August 17, 2013, through August 26, 2017, and allowed the minor to stay at his residence. (Id. at 29.)

When Judge Bowen asked whether Petitioner disagreed with SA McKee's testimony, Petitioner stated he had no interaction with clients and denied sending any text messages, but affirmed that the rest of SA McKee's testimony was correct. (Id. at 30.)  When Judge Bowen asked Petitioner if he was guilty as charged, Petitioner told Judge Bowen he was "completely guilty." (Id. at 31-32.)  Finding a sound factual basis for the plea, Judge Bowen allowed Petitioner's plea to be entered in writing. (Id. at 32.)

### D.    Motion to Withdraw Plea

On May 27, 2014, Petitioner moved for leave to withdraw his guilty plea, and on July 8, 2014, Judge Bowen held a hearing on Petitioner's motion. (Id., doc. nos. 180, 197.)  At the hearing, Petitioner argued he was innocent of the conspiracy charge, operated a legitimate "escort service," and denied any sexual activity occurred. (Id., doc. no. 239, pp. 8, 33.)  Instead, Petitioner testified that his "escort service" merely provided lonely men with companionship, not sex. (Id. at 33.)

In denying the motion, Judge Bowen ruled Petitioner's written plea agreement, unequivocal sworn responses during the change of plea colloquy, and testimony given at the change of plea hearing demonstrated Petitioner's newly-raised allegations were "disingenuous and self-serving." (Id., doc. no. 199, p. 6.) Judge Bowen further noted Petitioner's failure to object to the factual basis provided in the plea agreement and at the change of plea hearing suggested his new claims of innocence were not credible. (Id. at 6-7.) Based on the record, Judge Bowen ruled Petitioner's guilty plea was knowingly and voluntarily entered. (Id.)

### E.      Sentencing

The United States Probation Office prepared a Presentence Investigation Report ("PSI") which set Petitioner's total offense level at forty-three, criminal history category of IV, and a guideline imprisonment range of life. (PSI ¶ 93.) Petitioner's base offense level was set at thirty, pursuant to U.S.S.G. §§ 2X1.1 and 2G1.3(a)(2). (PSI ¶ 37.) The base level was: (1) increased two points under U.S.S.G. § 2G1.3(b)(2)(B) because Petitioner unduly influenced a minor to engage in prohibited sexual conduct; (2) increased two points under U.S.S.G. § 2G1.3(b)(3)(B) because the offense involved the use of a computer to solicit a person to engage in illegal sexual conduct; (3) increased two points under U.S.S.G. § 2G1.3(b)(4)(A) because the offense involved the commission of a sex act; (4) increased four points because Petitioner was an organizer or leader of a criminal activity involving five or more participants; (5) increased two points under U.S.S.G. § 3C1.1 for obstruction of justice; and (6) increased five points under U.S.S.G. § 4B1.5(b)(1) because Petitioner engaged in a pattern of activity involving prohibited sexual conduct. (PSI ¶¶ 37-46.) Petitioner was not

5

given any reduction for acceptance of responsibility.   However, Petitioner's total offense level was reduced to forty-three because of a sentencing guideline cap.  (PSI ¶¶ 47-48.)

Through counsel, Petitioner objected to the two point enhancement under U.S.S.G. § 2G1.3(b)(2)(B) and the two point enhancement under U.S.S.G. § 2G1.3(b)(3)(B).  (PSI addendum, pp. 1-3.)  Judge Bowen took up Petitioner's objections at sentencing, overruled them, and adopted the factual statements contained in the PSI.  (CR 113-199, doc. no. 232, p. 86.)  Judge Bowen then determined that Petitioner's total offense level was forty-three, his criminal history category was IV, and the sentencing guidelines provided for life imprisonment.  (Id.)  After considering mitigating factors, Judge Bowen sentenced Petitioner to 252 months incarceration, ten years supervised release, a $10,000.00 fine, and a $100.00 special assessment.  (Id. at 169-70.)  Petitioner did not appeal.

**F.     § 2255 Proceedings**

On August 17, 2015, Petitioner filed a 28 U.S.C. § 2255 motion and the Clerk's office docketed the motion on August 24, 2015.  Castillo v. United States, CV 115-134, doc. no. 1 (S.D. Ga. Aug. 24, 2015).  Because Petitioner sought to challenge his convictions in CR 113-199 and in United States v. Castillo, 1:14-cr-059 (S.D. Ga. May 7, 2014) ("CR 114-059"), this Court ordered Petitioner to amend his motion and specify which conviction he was challenging, informing Petitioner he could not challenge more than one criminal case in a single § 2255 motion.  (Id., doc. no. 5.)  On November 5, 2015, Petitioner amended his motion, challenging only his conviction in CR 114-059.  (Id., doc. no. 9.)

This Court found Petitioner's challenge to his conviction in CR 114-059 meritless, and recommended dismissal of the motion.  (Id., doc. no. 27.)  In the Report and Recommendation, this Court also noted Petitioner did not file a § 2255 motion challenging

6

his conspiracy to commit sex trafficking of a minor conviction in CR 113-199. (Id. at 1-2.) In his objections, Petitioner claimed he mailed a § 2255 motion challenging his conviction in CR 113-199, but that it was lost in the mail. (Id., doc. no. 34.) Petitioner then re-submitted a copy of the motion. (Id., doc. no. 36.)

Judge Bowen adopted the Report and Recommendation, agreeing with this Court that Petitioner's challenges to his conviction in CR 114-059 were meritless and subject to dismissal. (Id., doc. no. 40.) Judge Bowen also directed the Clerk to file Petitioner's re-submitted copy of his § 2255 motion challenging his conviction in CR 113-199 in a separate civil case with a *nunc pro tunc* filing date of November 5, 2015. (Id.) Petitioner's CR 113-199 motion is presently before this Court.

In the present motion, Petitioner raises the following grounds for relief:

I.      Counsel was ineffective during the plea bargaining stage by manipulating Petitioner into signing the plea agreement with misinformation, manipulation, and threats. Counsel promised Petitioner he could negotiate a plea deal in which Petitioner would only serve five years, pressured Petitioner to sign the plea agreement, and informed Petitioner he could withdraw the plea at any time. Petitioner did not read the plea agreement and had no intention of signing it.

II.     Counsel was ineffective for failing to call or interview witnesses or secure evidence within the government's possession prior to a plea which would have corroborated Petitioner's innocence defense.

III.    Petitioner was not provided an impartial process because the Court praised Petitioner's counsel as one of "the best" during the hearing on Petitioner's motion to withdraw.

IV.     The prosecution withheld evidence that would have proved Petitioner's innocence.

V.      The Magistrate Judge failed to suppress Petitioner's illegally obtained statement during his arrest.

VI.     Petitioner's sentence was imposed in an illegal manner, and he
        was sentenced beyond the statutory maximum.

VII.    At the time of Petitioner's arrest, officers did not respect his
        religious claims.

VIII.   The Court lacked Article III subject matter jurisdiction.

IX.     Counsel was ineffective for failing to file a motion for
        reciprocal discovery and instructed Petitioner to lie at
        sentencing.  Counsel also failed to argue Petitioner's guideline
        range was improperly calculated, did not respect Petitioner's
        religious beliefs, and did not find exculpatory evidence.

X.      Petitioner is housed in an unsafe holding facility without legal
        materials.

 (See generally doc. no. 1.)

Respondent moves to dismiss Petitioner's motion, asserting Petitioner did not receive

ineffective assistance, his guilty plea was knowingly and voluntarily entered, and the plea

agreement's collateral attack waiver bars Petitioner's claims.  (See generally doc. no. 7.)

## II.     DISCUSSION

### A.     There is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the

motion and the files and records of the case conclusively show that the prisoner is entitled to

no relief. . . ."  28 U.S.C. § 2255(b).  "A hearing is not required on patently frivolous claims

or those which are based upon unsupported generalizations.  Nor is a hearing required where

the petitioner's allegations are affirmatively contradicted in the record."  Holmes v. United

States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted).

While ineffective assistance of counsel claims often require a hearing for

development of an adequate record, an evidentiary hearing is not required every time such a

claim is raised.   Vick v. United States, 730 F.2d 707, 708 (11th Cir. 1984).   Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

**B.    Under Strickland v. Washington, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.**

Ineffective assistance of counsel claims are subject to the two-part test enunciated in Strickland v. Washington, 466 U.S. 668 (1984).   See Massaro v. United States, 538 U.S. 500, 505 (2003).   Petitioner must show that counsel was constitutionally ineffective under the two prongs of Strickland by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness."   Strickland, 466 U.S. at 688.   In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions."   Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001).   Strategic decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691.   "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one."   Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted).   "The test has nothing to do with what the best lawyers would have done.   Nor is the test even what most good lawyers would have done.   We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ."   Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged

deficiencies . . . .  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Strickland, 466 U.S. at 697; see Brooks v. Comm'r, Ala. Dep't of Corr., 719 F.3d 1292, 1301 (11th Cir. 2013).  Under the prejudice prong of Strickland, a petitioner must show "that there 'is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694).  As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial.  That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), cert. denied, 133 S. Ct. 484 (2012).  In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

**C.     Petitioner Is Not Entitled to Relief on His Grounds I and II Ineffective Assistance Claims.**

Petitioner claims in Ground I that counsel was ineffective during the plea bargaining stage by manipulating Petitioner into signing the plea agreement with misinformation, manipulation, and threats.  (Doc. no. 1, p. 10.)  Petitioner further claims counsel promised Petitioner he would negotiate a plea deal in which Petitioner would only serve five years, pressured Petitioner to sign the plea agreement, and informed Petitioner he could withdraw his plea at any time.   (Id.)  Petitioner also claims he did not read the plea agreement and had no intention of signing it.   (Id.)  In Ground II, Petitioner claims his attorney failed to call and interview witnesses during the plea bargaining phase, and these witnesses could have provided exculpatory testimony.  (See id. at 14.)

Petitioner cannot waive a claim alleging ineffective assistance during plea negotiations.  Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004); see also Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) ("[T]here may be a distinction between a § 2255 claim of ineffective assistance related to the validity of a plea in entering or negotiating the plea versus a claim of ineffectiveness at sentencing or a claim challenging the validity of the plea or agreement.").   This is because ineffective assistance of counsel in entering the plea "would require a finding that the plea was not entered knowingly and voluntarily, which would in turn mean that a court could not enforce a waiver contained within that plea agreement."  Vaca-Ortiz, 320 F. Supp.2d at 1365 (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993).  However, Petitioner's ineffective assistance claims in Grounds I and II are meritless and form no basis for relief.

First, Petitioner's claim that counsel was ineffective during the plea bargaining stage by manipulating Petitioner into signing the plea agreement with misinformation and threats is meritless and entirely contradicted by both his plea agreement and sworn testimony at his plea colloquy.  Petitioner's plea agreement included a provision in which Petitioner agreed he was entirely satisfied with his counsel and that counsel represented him faithfully, skillfully, and diligently.  (CR 113-199, doc. no. 154, p. 8.)  At his plea colloquy, Judge Bowen asked Petitioner if he was satisfied with the services provided by counsel and Petitioner stated he was "100 percent" satisfied.  (Id., doc. no. 191, p. 9.)  Petitioner also provided sworn testimony that no one had forced, threatened, or pressured him into pleading guilty.  (Id. at 15.)  While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings."  Blackledge v. Allison, 431 U.S. 63, 74 (1977).  Thus, Petitioner is not entitled to relief on his claim that counsel manipulated, misinformed, or otherwise coerced him into signing the plea agreement.

Petitioner also argues counsel was ineffective by improperly promising a guaranteed sentence of five years.  (Doc. no. 1, p. 10.)  Even presuming the verity of Petitioner's claims, Petitioner cannot show prejudice.  The Eleventh Circuit has established that counsel's erroneous estimation of a sentencing guideline does not entitle a petitioner to relief because an erroneous estimate is not necessarily indicative of ineffective assistance.  Beckham v. Wainwright, 639 F.2d 262, 265 (5th Cir. 1981).  So long as the Rule 11 court correctly advises a defendant of the minimum and maximum penalties he faces as a result of pleading guilty, a petitioner fails to establish prejudice by alleging counsel gave erroneous advice

12

about the sentence he might receive or the possibility for enhancements under the guidelines. See United States v. Wilson, 245 F. App'x 10, 11-12 (11th Cir. 2007) (*per curiam*) (no prejudice where counsel's deficient advice about possible sentencing implications was "cured" by district court, which explained "the consequences of the plea agreement, range of punishment, and sentencing contingencies before accepting [the] guilty plea"); see also United States v. Herrington, 350 F. App'x 363, 369 (11th Cir. 2009) (*per curiam*) (affirming district court's refusal to allow withdrawal of guilty plea because judge at plea hearing set forth maximum possible penalties and court not bound by counsel's sentencing estimates).

At the plea colloquy, prior to accepting Petitioner's guilty plea, Judge Bowen reviewed the possible statutory penalties for the charges to which Petitioner was pleading guilty.  (CR 113-199, doc. no. 191, p. 13.)  Judge Bowen reviewed the maximum penalties for conspiracy to engage in sex trafficking of a minor, which included up to life imprisonment, and Petitioner affirmed he understood.  (Id. at 13.)  When Judge Bowen asked Petitioner if anyone had guaranteed, predicted, or prophesied Petitioner would receive a specific sentence, Petitioner responded, "No, Your Honor."  (Id. at 18-19.)

Thus, it is clear Petitioner knew prior to entering his guilty plea he faced a maximum penalty of life imprisonment for pleading guilty, regardless of whether, as he now claims, counsel told him he would only be sentenced to five years imprisonment.   Furthermore, given Petitioner's sworn testimony he had not been promised a specific sentence and he understood the possible penalties, he cannot now claim counsel made a promise about his sentence that induced Petitioner to plead guilty.  Accordingly, even if Petitioner's counsel misadvised Petitioner about his sentencing exposure, Petitioner cannot show prejudice.  See Wilson, 245 F. App'x at 11-12.

13

Petitioner also alleges he did not read the plea agreement, did not know what he was pleading guilty to, and only signed the agreement because counsel promised he could withdraw his plea at any time.  (Doc. no. 1, p. 10.)  Like Petitioner's other claims, these are belied by the record and are meritless.  First, when Petitioner signed his plea agreement, he attested he "read and carefully reviewed [the] agreement with [his] attorney," "under[stood] each provision of [the] agreement," and "voluntarily agree[d] to it."  (CR 113-199, doc. no. 154, p. 10.)  In addition, Petitioner's counsel signed the plea agreement, attesting he "fully explained to [Petitioner] all of his rights, and . . . carefully reviewed each and every part of [the] agreement with him."  (Id.)  Petitioner's counsel also attested he believed Petitioner fully and completely understood the agreement, and that his decision to enter the agreement was "informed, intelligent, and voluntary."  (Id.)

Judge Bowen also explicitly reviewed the charges and Petitioner's plea agreement at the plea colloquy.  Judge Bowen asked Petitioner if he understood the charges as announced by the Assistant United States Attorney, and Petitioner affirmed he did.  (CR 113-199, doc. no. 191, pp. 11-13.)  Judge Bowen summarized the terms of Petitioner's plea agreement and informed Petitioner he "agreed to waive any protections which might allow [him] to withdraw [his] guilty plea."  (Id. at 17-18.)  Judge Bowen asked Petitioner if he understood the terms of his plea agreement, and Petitioner affirmed he did.  (Id. at 18.)  Thus, despite his present contentions, the record confirms Petitioner read and understood his plea agreement, knew he was pleading guilty to conspiracy to engage in sex trafficking of a minor, and knew he was waiving protections which might have allowed him to withdraw his guilty plea. Indeed, Petitioner raised these same allegations at the hearing on his motion to withdraw his guilty plea, and Judge Bowen found Petitioner's allegations "disingenuous," "self-serving,"

14

and "unlikely and unworthy of belief." (CR 113-199, doc. no. 199, p. 6.) Thus, Petitioner's present contentions, previously dismissed by Judge Bowen as meritless, will not be entertained again.

In Ground II, Petitioner faults his counsel for failing to investigate and uncover exculpatory witnesses which might have assisted in proving his innocence. (Doc. no. 1, p. 14.) Again, Petitioner's claim is meritless as Petitioner's guilt was never in question. In signing the plea agreement, Petitioner admitted he was "in fact, guilty" of conspiracy to engage in sex trafficking of a minor. (CR 113-199, doc. no. 154, p. 2.) After SA McKee outlined the factual basis for Petitioner's guilty plea, Petitioner admitted he was "completely guilty" of the offense. (Id., doc. no. 191, pp. 31-32.) Petitioner agreed with SA McKee's testimony that he was responsible for advertising prostitution services of a minor, developed a script for the minor to use when dealing with clients for the purposes of engaging in sexual activity, housed the minor at his residence, and was the manager of the prostitution operation. (Id. at 21-23, 29.) In light of his sworn admissions, Petitioner cannot demonstrate prejudice from counsel's alleged failure to interview exculpatory witnesses in order to raise an innocence defense. See Blackledge, 431 U.S. at 74.

> D.   **Petitioner's Guilty Plea was Knowingly and Voluntarily Entered.**

Having determined Petitioner did not receive constitutionally ineffective assistance of counsel, the Court will lastly address any implication derived from the § 2255 motion that Petitioner's guilty plea was otherwise not knowingly and voluntarily entered.

> 1.   **Standard for Enforceability of Guilty Pleas.**

Once a guilty plea becomes final, unless the record demonstrates that the sentencing court lacked the power to enter the conviction or impose the sentence, a petitioner may only

challenge the knowing, voluntary nature of the plea.  United States v. Broce, 488 U.S. 563, 569 (1989).  In conducting its analysis, the Court starts with the proposition that a trial court may not accept a guilty plea without an affirmative showing on the record that the plea was intelligent and voluntary.  Boykin v. Alabama, 395 U.S. 238, 242-43 (1969).  The Eleventh Circuit has described the requirements for a valid guilty plea as follows:  "The Fourteenth Amendment Due Process Clause requires that a plea of guilty be knowingly and voluntarily entered because it involves a waiver of a number of the defendant's constitutional rights.  A plea of guilty cannot support a judgment of guilt unless it was voluntary in a constitutional sense."  United States v. Brown, 117 F.3d 471, 476 (11th Cir. 1997).  A guilty plea may be involuntary in a constitutional sense if a defendant is coerced into his plea, if a defendant does not understand the nature of the constitutional protections he is waiving, or "if a defendant has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt."  Id.  Thus, a defendant must receive "real notice of the true nature of the charged crime."  Id.

The Eleventh Circuit has further explained that, for a guilty plea to be made knowingly and voluntarily, the court accepting the guilty plea must "specifically address three 'core principles,' ensuring that a defendant (1) enters his guilty plea free from coercion, (2) understands the nature of the charges, and (3) understands the consequences of his plea."  United States v. Moriarty, 429 F.3d 1012, 1019 (11th Cir. 2005) (per curiam) (citations omitted).  In addition, "a defendant who seeks reversal of his conviction after a guilty plea . . . must show a reasonable probability that, but for the error [under Rule 11 of the court accepting the guilty plea], he would not have entered the plea."  Id. at 1020 (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

16

### 2. Judge Bowen's Colloquy with Petitioner Satisfied the Three Core Principles Required for Acceptance of a Guilty Plea.

Judge Bowen informed Petitioner in clear terms of the charges to which he was pleading guilty, as well as the penalties that might be imposed in the event of Petitioner's conviction, and Petitioner testified he understood the charges and penalties. (CR 113-199, doc. no. 191, pp. 11-13.) Petitioner also admitted to the facts presented by the government as the factual basis for his plea and told Judge Bowen he wanted to plead guilty. (Id. at 31-32.) Judge Bowen provided a detailed explanation of the rights Petitioner would forfeit by pleading guilty, and Petitioner affirmed he understood his decision to plead guilty would result in a waiver of these rights. (Id. at 14-15.) Petitioner testified no one had made him any promises other than those contained in the plea agreement to get him to plead guilty, and his decision to plead guilty was not the result of force, pressure, threats or promises. (Id. at 18-19.) Petitioner also testified that he had reviewed his case with counsel and was satisfied with the help he had received from counsel. (Id. at 9.) Thus, Judge Bowen's thorough plea colloquy ensured Petitioner understood both the nature of the charges and the consequences of his guilty plea and that Petitioner was not coerced into pleading guilty. See Moriarty, 429 F.3d at 1019.

As such, Petitioner will not now be heard to claim his guilty plea was not knowingly and voluntarily entered. His assertions are contradicted by the record of the Rule 11 hearing and Petitioner's sworn testimony at that proceeding. See United States v. Stitzer, 785 F.2d 1506, 1514 n.4 (11th Cir. 1986) (noting that "if the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely").

17

**E.      By Knowingly and Voluntarily Agreeing to the Collateral Attack Waiver, Petitioner Waived His Claims.**

Petitioner's remaining grounds are precluded by the waiver provision in his plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence.  It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary.  United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); Bushert, 997 F.2d at 1345; see also Vaca-Ortiz, 320 F. Supp. 2d at 1365-67 (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings).

"To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver."  Weaver, 275 F.3d at 1333.  If the government meets this burden, then an appeal and collateral attack waiver is enforceable.  See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has demonstrated the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collaterally attack his sentence and conviction or the knowing and voluntary nature of his guilty plea.  (See CR 113-199, doc. no. 154, p. 6

18

("Defendant entirely waives his right to collaterally attack his conviction and sentence on any ground and by any method, including but not limited to a 28 U.S.C. § 2255 motion.").) Furthermore, Judge Bowen reviewed Petitioner's plea agreement during the plea colloquy, and specifically referenced the waiver provision.   (Id., doc. no. 191, pp. 17-18.)   Judge Bowen explained that as a result of the waiver provision, Petitioner "agreed to waive completely and entirely any right to make a collateral attack or habeas corpus petition against the fact of conviction."   (Id. at 17.)   Petitioner confirmed he understood the waiver provision. (Id. at 18.)   Therefore, the record shows Judge Bowen specifically questioned Petitioner about the waiver provision, and that Petitioner fully understood its significance such that the collateral attack waiver was knowing and voluntary.   Weaver, 275 F.3d at 1333.   Thus, the collateral attack waiver bars Petitioner's remaining claims.

Certain ineffective assistance of counsel claims can survive a valid collateral attack waiver, but "only when the claimed assistance directly affected the validity of that waiver or the plea itself."   See Williams v. United States, 396 F.3d 1340, 1341-42 n.2 (11th Cir. 2005) (quoting United States v. White, 307 F.3d 336, 343 (5th Cir. 2002)).   Here, Petitioner's remaining sundry grounds do not call into question the validity of his guilty plea or collateral attack waiver, and are therefore barred by the waiver.   See, e.g., Brown v. United States, 256 F. App'x 258, 262 (11th Cir. 2007) (refusing to consider merits of sentencing argument in § 2255 proceeding based on valid waiver provision in plea agreement); United States v. Martin, 549 F. App'x 888, 889-90 (11th Cir. 2013) (refusing to consider claims of PSI errors based on knowing and voluntary waiver).   Therefore, Petitioner's § 2255 motion to should be denied.

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the §
2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and
a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 11th day of July, 2017, at Augusta,
Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA