IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 113-199 |
| | * | |
| CHARLES HENRY CASTILLO | * | |

**O R D E R**

On January 13, 2014, Defendant Charles Henry Castillo plead guilty to conspiracy to engage in sex trafficking of a minor pursuant to a plea agreement. (Doc. Nos. 154, 155.) Castillo later filed a Section 2255 motion challenging his conviction and sentence. (Doc. No. 262; Castillo v. United States, CV116-189, Doc. No. 1.) On July 11, 2017, the United States Magistrate Judge entered a Report and Recommendation ("R&R") that Castillo's Section 2255 motion be denied without an evidentiary hearing.[1] (Doc. No. 274.) One month later, this Court adopted the R&R, denied a certificate of appealability, and Judgment was entered in favor or Respondent. (Doc. Nos. 276, 277.)

Since the Judgment was entered, Castillo attempted to appeal, but the Eleventh Circuit dismissed the appeal for lack of

---

[1] The Magistrate Judge concluded Castillo's ineffective assistance of counsel claims lacked merit, that his guilty plea and plea agreement were knowingly and voluntarily entered, and his plea agreement waived his ability to collaterally attack his conviction and sentence. (See id. at 11-19.)

jurisdiction. (Doc. No. 287.) Castillo also moved for an extension of time to file a motion under Federal Rule of Civil Procedure 60(b)(1) or (3), which this Court denied. (Doc. No. 291.) Now before the Court is Castillo's "Motion to Return Seized Items or Preserve Evidence." (Doc. No. 292.) The motion refers to the evidence from the instant criminal case and argues such evidence is necessary for Castillo to file a Rule 60(b)(6) motion challenging the Judgment entered on his Section 2255 motion.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing Section 2255 Proceedings provides that "[a] judge may, for good cause, authorize a party to conduct discovery." Good cause exists "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)).

Castillo's motion does not demonstrate good cause for his discovery requests. He does not identify any specific documents or provide a detailed explanation for why he needs the evidence. See Williams v. Humphrey, 2013 WL 3877750, at *3 (S.D. Ga. July 26, 2013) ("A petitioner must set forth specific allegations of fact, as opposed to conclusory allegations, because Rule 6 does

2

not authorize 'fishing expeditions.'"). Rather, Castillo references his intention to file a Rule 60(b)(6) motion and repeats his conclusory objection that he did not know the victim in his sex trafficking offense was under eighteen years old. The record of his plea hearing, however, contradicts his contention. When asked if he was guilty, Castillo stated: "Your Honor, although I wasn't aware originally of her age, it did come to my knowledge; so, yes, I am completely guilty of the situation because I pursued it afterwards recklessly." (Doc. No. 191 at 32.) Accordingly, a Rule 60(b)(6) motion in his habeas case would be meritless, and his motion for discovery (doc. no. 292) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of September, 2019.

_____
UNITED STATES DISTRICT JUDGE